## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR LEE COUNTY, FLORIDA

ANTHONY MELCHIORRE,

    Plaintiff,

v.                                                  Case No.: _____

CARMINE MARCENO, in his official
Capacity as Sheriff of Lee County, Florida
and TIMOTHY GALLOWAY, individually,

    Defendants.
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Anthony Melchiorre, hereby sues Carmine Marceno, in his official capacity as Sheriff of Lee County, Florida and Timothy Galloway, individually.

### THE PARTIES

1.    Plaintiff, ANTHONY MELCHIORRE ("Plaintiff Melchiorre"), was at all times relevant, a citizen and resident of the State of Florida. Plaintiff ANTHONY MELCHIORRE is *sui juris*.

2.    Defendant, CARMINE MARCENO ("Defendant Marceno"), was at all times relevant, the Sheriff of Lee County, Florida, acting under color of state law, and acting within the scope of his employment with the Lee County Sheriff's Office. Defendant CARMINE MARCENO is *sui juris*.

3.    Defendant, TIMOTHY GALLOWAY ("Defendant Galloway") was at all times relevant, employed with the Lee County Sheriff's Office, acting under color of

1

state law, and acting within the scope of his employment with the Lee County Sheriff's Office. Defendant TIMOTHY GALLOWAY is sued in his individual capacity, was employed by Defendant CARMINE MARCENO, and is *sui juris*.

## JURISDICTION AND VENUE

4. This action alleges Florida common law claims as well as claims arising under the Civil Rights Act of 1871, 42 U.S.C. §1983, in violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution. This is also an action for damages in excess of $30,000, exclusive of attorney's fees and costs.

5. Venue is proper in this Court as all claims arise from conduct occurring in Lee County, Florida.

## CONDITIONS PRECEDENT

6. All conditions precedent to filing this action have been complied with and met. Pursuant to §768.28, Fla. Stat., the required notice of intent to initiate litigation was submitted to Lee County Sheriff's Office, Sheriff Carmine Marceno, and the Chief Financial Officer on January 14, 2021. The notices are attached as **Exhibit 1**. No responses have been made to the notices.

## STATEMENT OF ULTIMATE FACTS

7. On March 14, 2020, Plaintiff Anthony Melchiorre was a patron at Shuckers Bar & Restaurant in Ft. Myers, Florida.

8. While at the establishment, Plaintiff Melchiorre ran into a group of family friends.

9. One of the female family friends was extremely intoxicated.

10. In response to the female friend's drunken state, one of the bartenders told Plaintiff Melchiorre, "Get her the fuck out of the bar. She can't be passed out in here."

11. A friend of the owner of the establishment told Plaintiff Melchiorre to take his intoxicated friend to an employee-only area of the bar.

12. After Plaintiff Melchiorre walked his intoxicated friend to the back, he was approached by a bar employee who told him to leave the area because he was not wearing his shoes. The bar employee pushed and shoved Plaintiff Melchiorre multiple times.

13. Plaintiff Melchiorre left and walked to the beach to get his shoes and told the intoxicated individual's friends what had just occurred with her inside the bar.

14. Plaintiff Melchiorre then returned to the employee-only area of the bar to check on the friend.

15. As he entered, a bartender grabbed Plaintiff Melchiorre from behind.

16. The bartender hung onto Plaintiff Melchiorre's back and continued to punch Plaintiff Melchiorre in the face.

17. Bouncers arrived and escorted Plaintiff Melchiorre off the property.

18. Plaintiff Melchiorre then returned to the beach area.

19. Shortly thereafter, while walking on the beach and unbeknownst to Plaintiff Melchiorre, Defendant Officers Galloway, Marcotte, and Herzfeld were approaching Plaintiff Melchiorre from behind.

20. Defendant Officer Galloway then abruptly and violently tackled Plaintiff Melchiorre from behind and forced him to the ground.

21. Defendant Officer Galloway held Plaintiff Melchiorre's face to the ground and Defendant Officers Marcotte and Herzfeld joined to hold Plaintiff Melchiorre to the ground.

22. Defendant Officer Galloway used excessive and unnecessary force upon Plaintiff Melchiorre, tearing his posterior labrum (fibrous shoulder tissue), which required surgery and months of physical therapy.

23. At no time was Plaintiff Melchiorre agitated or aggressive towards Defendant Officer Galloway. Plaintiff Melchiorre never eluded, resisted, harmed, or threatened to harm Defendant Officer Galloway.

24. Defendant Officer Galloway arrested Plaintiff Melchiorre and initially charged him with disorderly conduct in a licensed establishment.

25. The State Attorney's Office investigated a charge of "Crimes Against Person Resist Detention Public Lodge Operator" in violation of §509.143(4), Florida Statutes.

26. Plaintiff Melchiorre had not committed a crime inside Shucker's Restaurant and did not commit a crime outside the establishment.

27. On March 25, 2020, the State Attorney's Office refused to file charges and filed a "No Information."

28. As a direct and/or proximate result of the Defendant Galloway's, intentional misconduct as stated herein, Plaintiff Melchiorre sustained damages. Plaintiff Melchiorre's injuries are continuing and will not abate in the future.

### COUNT I
### 42 U.S.C. § 1983–Fourth Amendment Violation
### Excessive Force (Against Defendant Timothy Galloway in His Individual Capacity)

29. Paragraphs 7-28 are re-alleged and incorporated herein by reference.

30. This count sets forth a claim against Defendant Galloway for excessive force in violation of the Fourth Amendment to the United States Constitution, enforceable through 42 U.S.C. § 1983.

31. Defendant Galloway, while acting under color of law, used objectively unreasonable, excessive, unnecessary, and unwarranted force on Plaintiff Melchiorre.

32. Under the circumstances, the force used by Defendant Galloway was objectively unreasonable, in that the Plaintiff's conduct did not present a threat of danger to Defendant Galloway; Plaintiff Melchiorre did not resist and did not flee.

33. The force used by Defendant Galloway far exceeded the level of force necessary to bring Plaintiff Melchiorre into compliance with any laws.

34. Defendant Galloway acted to deny Plaintiff Melchiorre's rights, privileges, and/or immunities secured by the United States Constitution by depriving him of the right to be free from excessive force in violation of the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

35. The conduct of Defendant Galloway violated clearly established constitutional rights of which a reasonable officer would have known.

36. As a direct and proximate cause of the foregoing violations, Plaintiff Melchiorre suffered actual and consequential damages, deprivation of liberty, indignity, loss of civil rights, mental and physical pain and suffering, emotional distress and anguish, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing as well as his reasonable attorney's fees, punitive damages, and costs. These injuries and losses are permanent and continuing, and Plaintiff Melchiorre will suffer such losses in the future.

## COUNT II
## Battery – Chapter 768, Florida Statutes
## (Against Defendant Sheriff Marceno In His Official Capacity)

37. Paragraphs 7-28 are re-alleged and incorporated herein by reference.

38. This count sets forth a claim against Defendant Sheriff Marceno in his official capacity for battery under Chapter 768, Florida Statutes.

39. While working in the course and scope of his employment with Lee County Sheriff's Office, and without the consent of Plaintiff Melchiorre, Defendant Galloway intentionally, harmfully, and offensively touched the Plaintiff Melchiorre.

40. The excessive force caused by Defendant Galloway and inflicted upon Plaintiff's person, constituted unlawful acts, and resulted in a battery to Plaintiff Melchiorre.

41. Defendant Marceno, as head official and Chief of Police of the Lee County Sheriff's Office, is liable for the torts committed by Defendant Galloway.

42. As a direct and proximate cause of the foregoing violations, the Plaintiff Melchiorre suffered actual and consequential damages, deprivation of liberty, indignity, loss of civil rights, mental and physical pain and suffering, emotional distress and anguish, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing as well as his reasonable attorney's fees and costs. These injuries and losses are permanent and continuing, and Plaintiff Melchiorre will suffer such losses in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

    a) that process issue and this Court take jurisdiction over this cause;

    b) that this court enter judgment against Defendants and for Plaintiff awarding all legally available general and compensatory damages, including damages for economic loss for violations of law enumerated herein;

    c) that this court enter judgment against Defendants and for Plaintiff awarding Plaintiff costs and attorney's fees where allowed by law;

d) that this court enter judgment against Defendants and for Plaintiff awarding Plaintiff interest where allowed by law;

e) that this court enter judgment against Defendants and for Plaintiff awarding Plaintiff punitive damages where allowed by law;

f) that this court grant such other and further relief as is just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

RESPECTFULLY submitted this 28th day of December 2021.

/s/ *Farnita Saunders Hill*
FARNITA SAUNDERS HILL, ESQ.
Florida Bar No. 1012158
Morgan & Morgan, P.A.
333 W. Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (850) 201-2453
Facsimile: (850) 201-1273
Email: farnitahill@forthepeople.com
Secondary Email: cryan@forthepeople.com
Secondary Email: shuss@forthepeople.com
*Counsel for Plaintiff*